B19-29099                    RJL/alb                    05/23/2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION – COLUMBUS

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-52984 |
| | ) | |
| TODD DAVISO | ) | CHAPTER 13 |
| SHARA DAVISO | ) | |
| Debtors | ) | JUDGE C. KATHRYN PRESTON |
| | ) | |

**OBJECTION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1 TO DEBTORS' MOTION TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(c)(4)**

Now comes Wilmington Trust, National Association, not in its Individual Capacity, but solely as Trustee for MFRA Trust 2015-1 ("Wilmington Trust"), AND hereby objects to Debtors' Motion to Impose the Automatic Stay. Wilmington Trust requests that this Court deny Debtors' Motion due to the fact that the Debtors have failed to set forth facts sufficient to demonstrate that the filing of the within case is in good faith as required by 11 U.S.C. §§ 362(c)(4)(D).

11 U.S.C. Section 362(d)(4)(D) states in pertinent part that, "a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the

contrary)—(i) as to all creditors if – (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;". 11 U.S.C. § 362(d)(4)(D)(i)(I). Within the preceding year, the Debtors had two (2) prior Chapter 13 bankruptcies - Case No. 18-51889 filed March 30, 2018 and dismissed June 22, 2018 since the Plan was not in posture for confirmation, and Case No. 18-55550 filed August 31, 2018 and dismissed December 10, 2018 for failure to make plan payments.

11 U.S.C. § 362(d)(4)(D)(i)(II) states in pertinent part that, "a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by the title or the court without substantial excuse . . .". The Debtors two previous cases were dismissed for the Plan not being in posture for confirmation and failure to make plan payments.

11 U.S.C. § 362(d)(4)(D)(i)(III) states in pertinent part that, "there has been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title . . .". The Debtors' Schedule I seems to indicate that the Debtors both have new employment, but Todd Daviso has only ben self-employed for four months and Shara Daviso has only been employed for one month.  The lack of employment history or further proof of income attached to their Motion fails to prove a substantial positive change for the

Debtors' income.  Further, Shara Daviso's new employment has the same address, 1190 Winterson Road, Ste 300, Linthicum Heights, MD 21090, as her employment listed on a previous Schedule I filed in Case No. 18-55550 on August 31, 2018 which raises the question as to whether her employment is a new position and whether her income has significantly changed.  Based upon the Debtor's filed Motion for Order Imposing Stay and Schedule I, Wilmington Trust asserts there is no clear and convincing evidence of a change in financial circumstances that would indicate the Debtors will be any more successful in completing the within bankruptcy.

11 U.S.C. § 362(d)(4)(D)(ii) states, "as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor."

Wilmington Trust represents that the within bankruptcy is not filed in good faith, the Debtors have not rebutted the presumption of bad faith by clear and convincing evidence to the contrary as required by 11 U.S.C. § 362(d)(4)(D), and this bankruptcy is simply a stall tactic by the Debtors in order to keep their creditors at bay.

Wherefore, Wilmington Trust requests an Order from this Court denying the Debtors' Motion to Impose the Automatic Stay.

        Respectfully submitted,

        /s/ Richard J. LaCivita
        Reimer Law Co.
        Richard J. LaCivita #0072368
        Cynthia A. Jeffrey #0062718
        Edward A. Bailey #0068073
        30455 Solon Road
        Solon, Ohio 44139
        Phone No. 440-600-5500
        Fax No. 440-600-5521
        rlacivita@reimerlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify a copy of the foregoing Objection to Motion to Impose was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants register in this case at the email address registered with the court and (ii) **by ordinary U.S. Mail** on May 23, 2019 addressed to:

1. Todd Daviso
Shara Daviso, Debtors
3244 Wind Drive
Lewis Center, OH  43035

2. Delaware County Treasurer
Delaware County Treasurer's Office
140 North Sandusky Street
Delaware, Ohio 43015

    /s/ Richard J. LaCivita
Reimer Law Co.
Richard J. LaCivita #0072368
Cynthia A. Jeffrey #0062718
Edward A. Bailey #0068073
30455 Solon Road
Solon, Ohio 44139
Phone No. 440-600-5500
Fax No. 440-600-5521
rlacivita@reimerlaw.com